**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CAROL S. BARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-226-CH |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412. The Defendant Commissioner has responded to Plaintiff's application and has no objection to the requested attorney fees. For the reasons stated herein, Plaintiff's application, after mathematical correction, is granted and Plaintiff is awarded reasonable attorney fees in the amount of $3,215.93.

Under the EAJA, a court shall award a prevailing party attorney fees and other expenses unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §2412(d)(1)(A). As Plaintiff obtained a fourth sentence reversal under 42 U.S.C. §405(g), she is a prevailing party for purposes of the EAJA fees. *Shalala v. Schaefer*, 509 U.S. 292 (1993); *Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995). In addressing the issue of whether the government's position was substantially justified, the test is reasonableness in law and fact. *Pierce v.*

*Underwood*, 487 U.S. 552 (1988). The government's position must be "justified to a degree that could satisfy a reasonable person." *Id*. at 565. The burden rests with the government to prove that the Commissioner's position was substantially justified. *Weakley v. Bowen*, 803 F.2d 575, 577 (10th Cir. 1986). As noted, the Defendant Commissioner states no objection to Plaintiff's requested attorney fees. Further, the record reflects no special circumstances which would make an award of attorney fees unjust. Thus, the only issue before the Court concerns the reasonableness of the fee requested.

An award under the EAJA is limited to $125 per hour unless the Court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). Plaintiff seeks an attorney fee award of $3,315.25 calculated at the rate of $149 per hour for 22 hours and 15 minutes of work performed in the years 2004 and 2005. An itemized accounting is provided by Plaintiff's counsel that reflects 21 hours and 35 minutes of work. With adjustment for mathematical accuracy of the time expended, the total amount of the award requested is $3,215.93. Otherwise, the detailed itemization of the time expended in representing Plaintiff and her uncontroverted statement reflects a reasonable amount of time for this matter. Further, Plaintiff supports the hourly rate by referencing the agreement of the Social Security Office of the General Counsel in which that office agrees to the adjusted hourly rate for attorney work performed in cases arising in this district. Based upon the record before the Court and the lack of objection by the Defendant Commissioner, the requested upward adjustment of the hourly rate is appropriate and an attorneys fee award in the amount of $3,215.93 is justified. The Court finds, therefore, that Plaintiff is entitled

to an award of fees under the EAJA, and the requested attorneys fees, with mathematical adjustment, are appropriate and reasonable in this case.

Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act [Doc. #24] is granted and, pursuant to Fed.R.Civ.P. 54(d)(2), Plaintiff shall be awarded a judgment in the amount of $3,215.93 for her reasonable attorney fees incurred in this case.

IT IS SO ORDERED this __17th__ day of May, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE